Reese, J.
delivered the opinion of the court.
In this case, the defendant, in due form of law, pleaded in abatement, and verified the plea by his affidavit, that the subpoena to answer in the present case was served, or executed upon him, by the sheriff of DeKalb county, while he was attending as a witness at the Circuit Court for DeKalb county *261 at Smithville, in a cause pending in said court, and specified in the plea, in which cause he had been duly summoned as a witness.
The plea, on argument, was disallowed by his Honor, the Chancellor. And if in this he erred, it is unnecessary to en-quire into any other question in the record. We are of opinion that he did err.
The act of 1794. ch. 1, sec. 34, Nich., & Car. 712, enacts, that “during the attendance of any person summoned as awitness to any court whatsoever, and during the time that such person is going to, and returning from the place of such attendance, allowing one day for every twenty-five miles such witness has to travel, to and from his place of residence, no sheriff or other officer shall serve or execute on any person so attending, going to or returning from such court, any writ or process, warrant, order, judgment, or decree in any cause, summons for witnesses excepted; and if any such shall be executed, the same shall be, and is hereby declared null and void.” The “process” of subpoena to answer in chancery, executed in this case upon witness, is within the very words of the act. It is within its object and policy also. That was to enforce,and secure the prompt and punctual attendance of witnesses; an object not likely to be obtained, if suits could be commenced against them, or other process be served upon them during the time of their attendance. This privilege of the witness is by no means limited to mere exemption from arrest. The most general and comprehensive terms are used in the statute, and the only exception made, is that of a summons as a witness; and that exception gives significance and effect to the plain and obvious terms used in the act. We have no doubt, that the words and meaning of the act, embrace the case before us.
Let the plea be allowed, and the bill dismissed with costs.